11/8/2019 1:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38351990
By: Courtni Gilbert
Filed: 11/8/2019 1:26 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **ROBERT BLACKBURN and ROBERT D. BURNS,** | § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § § | |
| **v.** | § § § | **HARRIS COUNTY, TEXAS** |
| **AMERICAN ZURICH INSURANCE COMPANY,** | § § § | |
| *Defendant.* | § § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW, Robert Blackburn and Robert D. Burns (hereinafter collectively referred to as "Plaintiffs" and/or "Burns"), complain of American Zurich Insurance Company (hereinafter referred to as "Defendant" and/or "Zurich") and respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.     Plaintiffs are individuals residing in Texas.

3.     Defendant Zurich is an insurance company engaging in the business of insurance in the State of Texas. Defendant Zurich may be served through their registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

**EXHIBIT 2**

4.      The Clerk is requested to issue Citations.

## III.
## JURISDICTION

5.      Plaintiffs seek monetary relief exceeding $1,000,000. Such damages sought are within the jurisdictional limits of the court. Plaintiffs contend that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. § 47.

6.      The court has jurisdiction over Defendant Zurich because this Defendant engages in the business of insurance in Texas, and because Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

7.      Venue is proper in Harris County, Texas, because the insured property giving rise to this cause of action is situated in Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

8.      Pursuant to TEX.INS. CODE § 542A.003(d) presuit notice is impracticable and therefore not required because Plaintiff has a reasonable basis to believe there is insufficient time to give presuit notice before the limitations period will expire.

9.      All other conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; or Defendant is otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

10.     Plaintiffs are the owner of property located at 16920 Kuykendahl Road, Houston, Texas 76012 (the "Property").  The Property was insured by insurance policy number ER10281915, issued by Defendant Zurich (the "Policy").  Plaintiffs are the owners of the Property and Policy, and Plaintiff Robert D. Burns is the named insured on the Policy.

11.     On or about August 27, 2017, or another time when the Policy was in effect, a severe wind and hurricane storm, namely Hurricane Harvey, caused substantial damage to the Property and constituted a covered loss under the Policy.  After becoming aware of the damages to their Property as a result of the storm, Plaintiffs made a claim (claim no. 5630009767) and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiffs made the Claim, Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiffs' claim.  Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

12.     Defendant assigned an improper and biased adjuster to investigate Plaintiffs' Claim. Defendant's adjuster inspected the Property on approximately September 11, 2017. Defendant's adjuster's inspection was performed with a pre-determined approach designed to wrongfully deny Plaintiffs' Claim.

13.     Defendant's adjuster omitted numerous areas of covered losses and failed to incorporate the full extent of storm-caused damages to the Property.  Specifically, Defendant's adjuster completely ignored the significant wind-caused damages from the said storm, and wrongfully claimed that the damages to the Property's roof were due to water accumulation instead. This was a misrepresentation of the actual damages at the Property which were evident during Defendant's inspection.

14.     Defendant was still left allegedly unsure of whether or not there were storm-damages to the Property after their adjuster's evidently inadequate inspection.

15.     Defendant then retained an engineer to investigate the Claim. Defendant's engineer made numerous misrepresentations about the damages at the Property. Specifically, Defendant's engineer relied on numerous conflicting policy exclusions in an effort to aid Defendant in the wrongful denial of Plaintiffs' Claim. Defendant alleged that the damages at the property were due to either faulty workmanship, maintenance issues, deterioration, and/or wear tear. In other words, Defendant claimed the damages could be anything but a covered loss.

16.     Hurricane Harvey was a significant storm that hit the Property and surrounding areas and caused significant damages to Plaintiffs' Property. Hurricane Harvey was classified as a category 4 hurricane with extreme wind speeds. These high winds did in fact cause significant damage to Plaintiffs' Property. These damages were intentionally overlooked by Defendant throughout the handling of Plaintiff's Claim. Defendant relied on misrepresentations about the damages in the wrongful denial of Plaintiffs' Claim.

17.     As a direct and foreseeable cause of Defendant's wrongful conduct, Plaintiffs were compelled to retain a Public Adjusting firm to investigate the Claim.

18.     Defendant's breach of the contract from the very beginning caused Plaintiffs to have to retain a Public Adjusting firm to assist in the investigation of the Claim. As a direct and foreseeable result of Defendant's wrongful conduct in the handling of the Claim, Plaintiffs were compelled to relinquish an amount of monies earned from any further payment on the Claim in order to retain the services of a Public Adjusting firm.

19.     Plaintiffs' Public Adjuster identified numerous areas of covered losses at the Property. Defendant was provided with a copy of the Public Adjuster's estimate and was then put on notice

of the covered losses at the Property. Despite this new information regarding the Claim, Defendant continued to improperly deny the Claim by relying on prior misrepresentations. Defendant failed to conduct a proper re-inspection of the Property after receiving new information regarding the covered losses.

20.     Plaintiffs were forced to retain the undersigned counsel as a result of Defendant's acts and omissions.

21.     Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant failed to conduct a proper investigation of Plaintiffs' Claim, and misrepresented to Plaintiffs about the coverage of the Policy. Thus, their denial to fully compensate Plaintiffs was a misrepresentation of the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

22.     Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' Claim, when Defendant's liability was reasonably clear. Specifically, Defendant adjusted the entire Claim with an outcome-oriented approach and failed to commence investigation of the Claim. Defendant failed to perform a proper investigation into the Claim. This resulted in Defendant's delayed completion of the investigation of the Claim. Defendant failed to use any qualified adjusters and inspectors to conduct investigations of the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

23.     Defendant failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not properly communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to

Case 4:19-cv-04814   Document 1-2   Filed on 12/11/19 in TXSD   Page 6 of 13

adequately settle Plaintiffs' claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

24.     Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive proper indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant continued to rely on misrepresentations in their inadequate explanation and refused to adjust or fully account for the additional documents presented to them evidencing storm damage to the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

25.     Defendant refused to fully compensate Plaintiffs for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' Claim. Further, Defendant continued to rely on misrepresentations about the covered perils under the Policy and failed to conduct proper investigations after being put on notice of the covered losses at the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

26.     Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

27.     Defendant failed to accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

---

*Burns, et. al. v. Zurich.*                    Page 6
Plaintiffs' Original Petition

28.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for Plaintiffs' claim. The Property's covered damages under the Policy were made known to Defendant at the outset of the Claim investigation, yet Defendant refused to comply with their obligations and make payments owed under the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.058.

29.     From and after the time Plaintiffs' claim was presented to Defendants, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.     Defendant knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

31.     Because of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the law firm who is representing Plaintiffs with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT ZURICH

32.     Defendant Zurich is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

33.     Plaintiffs reincorporate and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

### A.     Breach of Contract.

34.     The Policy is a valid, binding and enforceable contract between Plaintiffs and Defendant Zurich.  Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant's breach proximately caused Plaintiffs injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiffs, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

35.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

36.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

37.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.    TEX.INS.CODE §541.060(2)(A).

38.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

39.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

40.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

41.     Defendant's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiffs to file suit. TEX.INS.CODE §542.003(5).

        **C.      Prompt Payment Of Claims Violations.**

42.     The Claim is a claim under an insurance policy with Defendant Zurich of which Plaintiffs gave Defendant notice.   Defendant is liable for the Claim.   Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant failed to properly acknowledge receipt of the Claim in writing pursuant to the Texas Insurance Code. Defendant performed an inadequate investigation and failed to request the documents required for them to make a proper decision on the Claim.

b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant delayed making a decision of the claim. Defendant failed to provide a proper explanation for its reasons for denial.

c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. To date, Defendant has continued to delay payment of the Claim. Defendant has not conducted a reasonable investigation of the Claim and have refused to pay the full amount owed under the Policy by relying on misrepresentations about the covered losses.

43.     Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

**D.     Breach Of The Duty Of Good Faith And Fair Dealing.**

44.     Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiffs were reasonably clear.  Defendant's conduct proximately caused Plaintiffs injuries and damages.

**VIII.
KNOWLEDGE**

56.     Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

**IX.
DAMAGES**

57.     Plaintiffs will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

58.     For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorney fees.

59.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiffs ask for three times Plaintiffs' actual damages.  TEX.INS.CODE §541.152.

60.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiffs' claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

61.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

62.     Defendant's acts and omissions, through their breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code, caused Plaintiffs to retain a Public Adjusting firm and relinquish a portion of any payment made on the Claim for the services provided by the Public Adjusting firm. Therefore, Plaintiffs are entitled to recover a sum for these direct and foreseeable consequential damages from Defendant's wrongful acts and omissions.

63.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in

the preparation and trial of this action, including any appeals to the Court of Appeals and/or the

Supreme Court of Texas.

## X.
## JURY DEMAND

64.     Plaintiffs hereby request a jury trial and tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

65.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose

the information or material described in Rule 194.2.

## XII.
## PRAYER

66.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof,

Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in

accordance with the rules of law and procedure, both as to actual damages, statutory penalties

and interest, treble damages under the Texas Insurance Code and all punitive and exemplary

damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial

and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and

post-judgment interest as allowed by law, and for any other and further relief, either at law or in

equity, to which Plaintiffs may show itself to be justly entitled.

Respectfully submitted,

**GREEN & KLEIN**

By:     */s/   Hunter M. Klein*
        HUNTER M. KLEIN
        State Bar No.: 24082117
        klein@greentriallaw.com
        ROBERT D. GREEN
        State Bar No.: 08368025
        green@greentriallaw.com

440 Louisiana St., Suite 1900
Houston, Texas 77002
(713) 654-9222 - Telephone
(713) 654-52155 - Fax